IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.

ISAIAH DESHAWNTA MCGARY,
        Defendant.
_____/

No. CR 14-0013 CW

ORDER GRANTING
§ 2255 MOTION

Movant Isaiah McGary, represented by counsel, moves under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent has filed an opposition to the motion and Movant has filed a reply.[1]  Having considered all of the papers filed by the parties and the record in this case, the Court will GRANT the motion.

---

[1] The government has filed a motion to stay the proceedings related to this motion pending the Supreme Court's decision in Beckles v. United States, Supreme Court Case No. 15-8544, which Movant opposes.  The government argues that a stay will promote judicial economy.  However, judicial economy is not alone enough to justify a potentially lengthy stay in habeas cases.  Yong v. INS, 208 F.3d 1116, 1120-21 (9th Cir. 2000).  Moreover, it appears that time is of the essence in this case.  Accordingly, the motion to stay is DENIED.  Docket No. 36.  Execution of any new sentence will be stayed and contingent on the Supreme Court's decision in Beckles, but the parties will be able to proceed with any appeals. If Movant would be eligible for release under any new sentence before the resolution of Beckles, the Court will entertain argument regarding whether he should be released on bail.

# BACKGROUND

A.   Procedural Background

On April 7, 2014, Movant plead guilty, pursuant to a plea agreement, to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The plea agreement contained a collateral attack waiver.  Docket No. 13 at ¶ 5. Applying United States Sentencing Guideline (USSG) § 2K2.1(a)(2), the Presentence Report (PSR) indicated that Movant's base offense level was 24, because Movant had one prior conviction for a crime of violence, theft from a person, and one prior conviction for a controlled substance offense, possession of a controlled substance with intent to distribute.  Section 2K2.1(a)(2) relies on the Career Offender Guideline, USSG § 4B1.2, for the definition of crime of violence.  The PSR applied a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 21.  The PSR indicated that Movant should be classified in Criminal History Category IV, resulting in an advisory Guidelines range of fifty-seven to seventy-one months. If Movant's sentence had not been enhanced based on the crime of violence, his total offense level would have been 17, with a resulting advisory Guidelines range of thirty-seven to forty-six months.

In the plea agreement, the parties agreed to recommend a sixty-eight month aggregate sentence for both the felon in possession offense and a violation of supervised release for a prior federal conviction.

At sentencing, the Court found that Movant's advisory Guidelines range was fifty-seven to seventy-one months and

2

sentenced him to sixty months of imprisonment.  The Court also imposed a consecutive eight-month sentence for the violation of supervised release for a total sentence of sixty-eight months.  Movant did not file a direct appeal but, on May 16, 2016, after the Supreme Court issued its decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he filed the instant § 2255 motion.

### B. Johnson v. United States

In Johnson, the Supreme Court addressed a challenge to the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides that a defendant with three prior "violent felony" convictions faces a fifteen-year mandatory-minimum sentence if convicted of violating 18 U.S.C. § 922(g).  18 U.S.C. § 924(e).  The ACCA residual clause definition of "violent felony," which encompasses any crime that "involves conduct that presents a serious potential risk of physical injury to another," is identical to the residual clause of the Guidelines' definition "crime of violence."  The Ninth Circuit makes "no distinction between the terms 'violent felony' as defined in the ACCA and 'crime of violence' as defined in § 4B1.2(a)(2) of the Sentencing Guidelines for purposes of interpreting the residual clauses."  United States v. Spencer, 724 F.3d 1133, 1138 (9th Cir. 2013) (quoting United States v. Crews, 621 F.3d 849, 852 n.4 (9th Cir. 2010) (internal alteration marks omitted).

The Johnson Court held that the residual clause is so vague that it "both denies fair notice to defendants and invites arbitrary enforcement by judges."  135 S. Ct. at 2557.  Accordingly, the Johnson Court held that an increase to a defendant's sentence under the clause "denies due process of law."

3

In Welch v. United States, 136 S. Ct. 1357 (2016), the Supreme Court held that Johnson is retroactive as applied to the ACCA. However, neither the Supreme Court nor the Ninth Circuit has addressed whether Johnson is retroactive as to the identical language in the Sentencing Guidelines.

## LEGAL STANDARD

A prisoner in custody under sentence of a federal court, making a collateral attack against the validity of his or her conviction or sentence, must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Section 2255 was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court. United States v. Addonizio, 442 U.S. 178, 185 (1979). Under 28 U.S.C. § 2255, a federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States.

## DISCUSSION

The government agrees that Johnson applies to the Sentencing Guidelines and agrees that, if Movant were challenging his sentence on direct appeal, his sentence would be subject to reversal. However, the government argues that Movant waived his right to bring the current motion. In addition, the government argues that Movant procedurally defaulted his claim under Johnson by failing to file a direct appeal and that Johnson's application to the Sentencing Guidelines is not retroactive.

4

I.   Waiver

The government first notes that Movant's plea agreement provided,

> I knowingly and voluntarily agree to waive any right I may have to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 . . .

Docket No. 13 at ¶ 5.  Accordingly, the government argues that Movant has waived his right to bring this motion.  However, the Ninth Circuit has held that a waiver "will not apply if . . . the sentence violates the law."  United States v. Bibler, 495 F.3d 621, 624 (9th Cir. 2007).  A sentence violates the law if it "exceeds the permissible statutory penalty for the crime or violates the Constitution."  Id.  Here, the government concedes that Movant was sentenced under a provision of the Sentencing Guidelines that is unconstitutionally vague after Johnson. Accordingly, Movant's sentence is illegal and the waiver in his plea agreement does not bar the instant motion.  See United States v. Torres, 2016 U.S. App. LEXIS 12941, *27 (9th Cir.).

II.  Procedural Default

As a general rule, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."  Massaro v. United States, 538 U.S. 500, 504 (2003).  In order to overcome this procedural default resulting from the failure to raise his claims on direct appeal, Movant must show cause for the default and actual prejudice, or actual innocence.  Sanchez-Llamas v. Oregon, 548 U.S. 331, 350-51 (2006). A movant shows cause by demonstrating "that the procedural default is due to an 'objective factor' that is 'external' to the

5

petitioner and that 'cannot be fairly attributed to him.'" Manning v. Foster, 224 F.3d 1129, 1133 (9th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)).

The government argues that "a defendant who failed to raise a claim on direct appeal must show ineffective assistance of counsel to establish cause." Docket No. 34 at 7. This narrow interpretation of cause is not supported by case law. Although, in most cases, a failure to object or failure to file a direct appeal that is not attributable to ineffective assistance of counsel is a procedural default, there are circumstances in which cause may be found. See, e.g., Reed v. Ross, 468 U.S. 1, 13 (1984) ("Underlying the concept of cause, however, is at least the [] notion that, absent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel.") The Supreme Court has held that cause is found when "the factual or legal basis for a claim was not reasonably available to counsel" at the time a direct appeal was or could have been filed. Murray v. Carrier, 477 U.S. 478, 488 (1986). Accordingly, the failure to file a direct appeal when the appeal "would have been futile, because a solid wall of circuit authority" precluded the appeal does not constitute procedural default. English v. United States, 42 F.3d 473, 479 (9th Cir. 1994) (internal quotation marks and citations omitted); see also Kimes v. United States, 939 F.2d 776, 778 (1991) ("failure to object . . . is not fatal to [a § 2255] petition, since well settled law precluded [the] claim at the time").

In Reed, the Supreme Court held that when one of its decisions explicitly overrules one of its prior decisions or

6

overturns "a longstanding and widespread practice to which [the Supreme Court] has not spoken, but which a near unanimous body of lower court authority has expressly approved" and the new decision

> is given retroactive application, there will almost certainly have been no reasonable basis upon which an attorney previously could have urged a []court to adopt the position that this Court had ultimately adopted. Consequently, the failure of a defendant's attorney to have pressed such a claim . . . is sufficiently excusable to satisfy the cause requirement.

Id. at 17 (internal quotation marks omitted). Here, Johnson expressly overrules prior Supreme Court cases upholding the analogous residual clause in the ACCA and the Supreme Court has held that Johnson is retroactive with respect to ACCA claims. Welch v. United States, 136 S. Ct. 1257 (2016).

Moreover, it is indisputable that, at the time Movant could have filed a direct appeal, a claim that the residual clause in § 4B1.2's definition of crime of violence was void for vagueness would not have succeeded and that "the legal basis for the claim was not reasonably available to counsel" at that time. Murray, 477 U.S. at 488. Vagueness challenges to the residual clauses in the ACCA and the Sentencing Guidelines were foreclosed by the Supreme Court decisions in James v. United States, 550 U.S. 192 (2007), and Sykes v. United States, 131 S. Ct. 2267 (2011). Accordingly, Movant has demonstrated cause for his procedural default.

As stated above, Movant must also demonstrate prejudice by showing that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" United States v. Braswell, 501 F.3d

7

1147, 1150 (9th Cir. 2007) (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982)).  The Supreme Court has not defined the level of prejudice necessary to overcome procedural default but it has held that the level is "significantly greater than that necessary under the more vague inquiry suggested by the words 'plain error.'"  <u>Murray</u>, 477 U.S. at 493-94 (quoting <u>Engle v. Isaac</u>, 456 U.S. 107, 135 (1982)).  To show prejudice under the plain error standard, a defendant must "show her substantial rights were affected, and to do so, must establish that the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding."  <u>United States v. Bonilla-Guizar</u>, 729 F.3d 1179, 1187 (9th Cir. 2013) (internal quotation marks omitted).

The government argues that Movant cannot demonstrate prejudice because the Sentencing Guidelines are only advisory.  Accordingly, the government notes that this Court "had nearly unfettered discretion to impose any sentence that Congress made applicable to his offense."  Docket No. 34 at 9.  However, even though the Guidelines are advisory, the Supreme Court has consistently held that sentencing courts "must treat the Guidelines as 'the starting point and the initial benchmark.'"  <u>Kimbrough v. United States</u>, 552 U.S. 85, 108 (2007) (quoting <u>Gall v. United States</u>, 552 U.S. 38, 49 (2007); <u>see also</u> <u>Peugh v. United States</u>, 133 S. Ct. 2072, 2083 (2013) ("federal sentencing scheme aims to achieve uniformity by ensuring that sentencing decisions are anchored by the Guidelines"); <u>Gall</u>, 552 U.S. at 50 n.6 ("district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process.").

8

The Supreme Court recently observed that "when a Guidelines range moves up or down, offenders' sentences move with it." Peugh, 133 S. Ct. at 2084. An improperly calculated Guidelines range would "derail[] the sentencing proceeding before it even began." United States v. Doe, 705 F.3d 1134, 1154 (9th Cir. 2013).

Accordingly, the Ninth Circuit has long held that, on direct review, miscalculation of the Guidelines range constitutes plain error that affects a defendant's substantial rights. See, e.g., id. at 1188 ("We have held that when a sentencing judge incorrectly calculates the Guidelines range, potentially resulting in the imposition of a greater sentence, the error affects the defendant's substantial rights and the fairness of the judicial proceedings."). Moreover, the Supreme Court recently held that, absent "unusual circumstances," when a sentencing court improperly calculates the Guidelines range, the sentence constitutes plain error, even if the sentence imposed is within the correct Guidelines range. Molina-Martinez v. United States, 136 S. Ct. 1338, 1347 (2016).

Here, this Court considered the enhancement based on the definition of crime of violence in imposing its sentence. The Court finds that the constitutional error in calculating Movant's Guidelines range "worked to his actual and substantial disadvantage." Frady, 456 U.S. at 171 (emphasis in original).

Accordingly, the Court finds that Movant has shown cause and prejudice sufficient to overcome his failure to file a direct appeal challenging his sentence.

9

III. Retroactivity

The government next argues that, under Teague v. Lane, 489 U.S. 288 (1989), Johnson does not apply retroactively to cases in which an enhancement based on the definition of crime of violence in the Career Offender Guideline was applied.  In Teague, the Supreme Court held that newly announced constitutional rules apply to all criminal cases still on direct review but only apply retroactively on collateral review if the rule (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" or (2) is a "watershed rule[] of criminal procedure."  Id. at 304, 311 (internal quotation marks omitted).

As stated above, the Supreme Court has held that Johnson is a new substantive rule because it "changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'"  Welch, 136 S. Ct. at 1265 (quoting Schriro v. Summerlin, 542 U.S. 348, 353 (2004)).  Movant argues that, because the decision in Johnson similarly limits the application of certain Guidelines provisions and because it has been found to be retroactive with respect to the ACCA, it should be retroactive as to those Guidelines provisions as well.  Movant contends that the retroactivity analysis in Welch applies to the rule set out in Johnson, and does not depend on the type of case in which the rule is applied.

It is true that the rule announced in Johnson applies only by analogy to the definition of crime of violence in the Career Offender Guideline.  Johnson found that the language in the ACCA is unconstitutionally vague.  While courts, including the Supreme

10

Court and the Ninth Circuit, routinely look to interpretation of language in the ACCA when considering nearly identical language in the Guidelines and vice versa, it cannot be assumed that a finding that Johnson is retroactive as to the ACCA definitively means that it is retroactive as to the Guidelines.  Indeed, the Supreme Court recently granted certiorari in Beckles v. United States, 2016 U.S. LEXIS 4142.  Among the issues presented in Beckles is whether Johnson applies retroactively to collateral challenges to federal sentences enhanced based on the definition of crime of violence in the Career Offender Guideline.

As the government points out, those who meet the criteria of the ACCA are subject to a statutory mandatory minimum sentence.  In contrast, those who are eligible for enhancements under the Sentencing Guidelines pursuant to language similar to that found unconstitutional in Johnson are subject to higher advisory Guidelines ranges.  Therefore, the government argues that, as applied to defendants who are challenging Guidelines enhancements, the rule in Johnson is procedural because it "does not alter the statutory sentencing range or prevent reimposition of the same sentence without the career offender enhancement."  Docket No. 34 at 13.  In effect, the government argues that any new constitutional rules applicable to Guidelines calculations are neither substantive nor watershed procedural rules under Teague

and thus cannot be applied retroactively.[2]  As a district court in the District of Oregon recently observed, there is no Ninth Circuit or Supreme Court authority to support this position.  See United States v. Dean, 2016 WL 1060229, at *13 (D. Or.).

Indeed, in Reina-Rodriguez v. United States, the Ninth Circuit determined that an en banc decision which "altered the conduct that substantively qualifies as burglary under the categorical approach" for purposes of the ACCA was a substantive rule and therefore eligible for retroactive application under Teague.  655 F.3d 1182, 1189 (9th Cir. 2011).  Without addressing whether the retroactivity analysis should be different for cases under the Guidelines as opposed to under the ACCA, the Ninth Circuit applied the decision retroactively to a case challenging a Guidelines enhancement based on the § 4B1.2 definition of crime of violence.  Id. at 1189-90.

Moreover, in Welch, the Supreme Court made clear that it "determine[s] whether a new rule is substantive or procedural by considering the function of the rule."  136 S. Ct. at 1265.  The Welch Court held that the rule in Johnson was substantive because it "affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied."  Id.  Applying Johnson to the Guidelines likewise affects the reach of those Guidelines that rely on the definition of crime of violence

---

[2] The government also argues that any Guidelines calculation error is a "procedural error" rather than "substantive error." However, the terms "procedural error" and "substantive error" are terms of art related to direct appellate review of sentences and are not applicable here.  See Gall v. United States, 522 U.S. 38, 51 (2007).

in the Career Offender Guideline but "has nothing to do with the range of permissible methods a court might use to determine" whether those Guidelines apply. Id. As it does for the ACCA, "Johnson substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines." Dean, 2016 WL 1060229, at *16. Accordingly, Johnson applies retroactively to Movant's case.

## CONCLUSION

For the foregoing reasons, the Court will GRANT Movant's § 2255 motion. Docket No. 25. The Court will vacate and set aside the judgment at Docket Number 20. A sentencing hearing will be held on October 18, 2016 at 2:00 PM. The Probation Office is directed to prepare an updated Presentence Investigation Report, including post-conviction information such as the extent of any post-conviction rehabilitation. The parties shall file their sentencing memoranda at least one week prior to the hearing.

IT IS SO ORDERED.

Dated: August 3, 2016

CLAUDIA WILKEN
United States District Judge

13